FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2002 JUN 21 PM 3:59
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RICKEY BROWN | * | NO: 02-1911 |
| | * | |
| VERSUS | * | SECTION: SECT. I MAG 2 |
| | * | |
| PARKER DRILLING OFFSHORE CORPORATION | * | |
| | * | |

*********************************************************************

## COMPLAINT FOR DAMAGES

The Complaint of **RICKEY BROWN,** a person of the full age of majority and resident of Mississippi, with respect represents:

**I.**

Defendant, **PARKER DRILLING OFFSHORE CORPORATION**, (hereinafter "**PARKER**") a foreign corporation doing business within the State of Louisiana and within the jurisdiction of this Honorable Court, is indebted unto plaintiff for all damages to which he is entitled to receive as prayed for herein, together with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings for the following, non-exclusive, acts of negligence, as more specifically set forth below.

**II.**

Jurisdiction of this Court is invoked under the Jones Act and the General Maritime Law.

Fee $150.00
✓ Process
X Dktd
CtRmDep
Doc No. 1

III.

On or about April 20, 2001, **RICKEY BROWN** was employed by **PARKER,** as a Jones Act Seaman aboard the M/V PARKER DRILLING 25-J.

IV.

At all pertinent times hereto **PARKER** owned, operated and/or controlled the M/V PARKER DRILLING 25-J which was at all pertinent times a vessel in navigation.

V.

On or about April 20, 2001, plaintiff **RICKEY BROWN** experienced an accident which resulted in serious painful injuries to his lower back while employed by **PARKER**.

VI.

On information and belief, Plaintiff alleges that the sole and proximate cause of the above-described accident was the negligence of **PARKER** in the following, non-exclusive respects:

a) Breach of a legally imposed duty of reasonable care owed by the Defendant to the Petitioner;

b) Failure to provide a reasonably safe place to work;

c) Failure to properly train and supervise plaintiff;

d) Failure to take any means or precautions for the safety of defendant's employees, including plaintiff;

e) Creation and maintenance of an unseaworthy vessel;

f) Failure to provide minimum safety requirements;

g) Failure to provide adequate equipment for the job in question;

h) Failure to provide adequate personnel for the job in question;

i) Other acts of negligence and unseaworthiness which will be shown at the trial of this matter.

**VII.**

As a direct result of the negligence of the defendants and the unseaworthiness of the vessel, Plaintiff, **RICKEY BROWN,** is entitled to recover from the Defendant reasonable and just compensatory, special and general damages as prayed for herein and to be awarded by this Honorable Court in the following non-exclusive respects:

(1) Past, present and future physical, mental and emotional pain and suffering in an amount not less than $500,000.00;

(2) Past, present and future loss of wages, fringe benefits and wage earning capacity in an amount not less than $500,000.00;

(3) Past and future physical disability in an amount not less than $500,000.00;

(4) Past, present and future medical expenses in an amount not less than $150,000.00; and

(5) All other special and general damages as will be shown at the trial of this matter.

**VIII.**

Pursuant to the General Maritime Law of the United States of America, **PARKER** has and continues to have the absolute and nondelegable duty to provide Petitioner with

maintenance and cure benefits from the date that he was rendered unfit for duty until maximum cure is achieved.

**IX.**

As a result of the aforementioned accident, Plaintiff was rendered unfit for duty and presently remains unfit and incapable of returning to duty as a seaman.

**X.**

Therefore, the plaintiff prays for the payment of past, present and future adequate maintenance benefits as well as past, present and future payment of any and all cure benefits to which plaintiff is entitled. Should defendant, **PARKER** fail to honor its maintenance and cure obligation, the plaintiff is entitled to attorney's fees, damages and an additional compensatory award for any acts of negligence on the part of the defendants which would result in a deterioration of the plaintiff's medical condition.

**XI.**

Plaintiff prays for a trial by jury on all issues raised herein.

**WHEREFORE,** Plaintiff prays that Defendant **PARKER DRILLING OFFSHORE CORPORATION** be duly cited to appear and answer this Petition and after the legal delays and due proceedings had and trial by jury, there be Judgment herein in favor of the Plaintiff, **RICKEY BROWN,** and against the Defendant, **PARKER DRILLING OFFSHORE CORPORATION,** for all damages to which the Plaintiff is entitled to recover for the reasons set forth herein, together with legal interest thereon from date of judicial demand until paid, for payment of all costs, including expert fees, and for

all other general and equitable relief.

FURTHERMORE, plaintiff prays that defendant, **PARKER DRILLING OFFSHORE CORPORATION** be cast in judgment in favor of the plaintiff for past, present and future adequate maintenance benefits as well as past, present and future payment of any and all cure benefits to which plaintiff is entitled by law and penalties and additional damages if applicable.

AND FOR ALL GENERAL AND EQUITABLE RELIEF.

Respectfully Submitted,

TIMOTHY J. YOUNG (22677)
**YOUNG, RICHAUD & MYERS**
Suite 1515 Energy Center
1100 Poydras Street
New Orleans, LA 70163
Telephone: (504) 585-7750