UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RICKEY BROWN | CIVIL ACTION |
| versus | No. 02-1911 |
| PARKER DRILLING OFFSHORE CORPORATION | SECTION: I/3 |

**INSTRUCTIONS TO THE JURY**

YOU HAVE HEARD THE EVIDENCE IN THE CASE. I WILL NOW INSTRUCT YOU ON THE RULES OF LAW WHICH APPLY IN THIS CIVIL CASE. OF COURSE, YOU MUST NOT SINGLE OUT ONE INSTRUCTION, BUT YOU MUST FOLLOW AND APPLY ALL INSTRUCTIONS OF LAW AS A WHOLE IN CONSIDERING AND DECIDING THIS CASE.

IT IS YOUR DUTY TO FOLLOW THE LAW AS I GIVE IT TO YOU. ON THE OTHER HAND, YOU THE JURY ARE THE JUDGES OF THE FACTS. DO NOT CONSIDER ANY STATEMENT THAT I MIGHT MAKE IN THE COURSE OF TRIAL OR IN THESE INSTRUCTIONS AS AN INDICATION THAT I HAVE ANY OPINION ABOUT THE FACTS OF THIS CASE.

YOU HAVE HEARD THE CLOSING ARGUMENTS OF THE ATTORNEYS. STATEMENTS AND ARGUMENTS OF THE ATTORNEYS ARE NOT EVIDENCE AND ARE NOT INSTRUCTIONS ON THE LAW. THEY ARE INTENDED ONLY TO ASSIST THE JURY IN UNDERSTANDING THE EVIDENCE AND THE PARTIES' CONTENTIONS.

THE BURDEN OF PROOF IS ON THE PLAINTIFF IN A CIVIL ACTION, SUCH AS THIS ONE, TO PROVE EVERY ESSENTIAL ELEMENT OF THE CLAIM BY A PREPONDERANCE OF THE EVIDENCE. IF THE PROOF SHOULD FAIL TO ESTABLISH ANY ESSENTIAL ELEMENT OF THE PLAINTIFF'S CLAIM BY A PREPONDERANCE OF THE EVIDENCE, THEN YOU SHOULD FIND FOR THE DEFENDANT.

TO ESTABLISH SOMETHING BY "A PREPONDERANCE OF THE EVIDENCE" MEANS SIMPLY TO PROVE THAT SOMETHING IS MORE LIKELY TO BE SO THAN NOT SO. BY THIS IS MEANT THE GREATER WEIGHT AND DEGREE OF CREDIBLE OR BELIEVABLE EVIDENCE BEFORE YOU. IN OTHER WORDS, A PREPONDERANCE OF THE EVIDENCE JUST MEANS THE AMOUNT OF EVIDENCE WHICH PERSUADES YOU THAT A CLAIM IS MORE LIKELY SO THAN NOT SO. IN DETERMINING WHETHER ANY FACT HAS BEEN PROVED BY A PREPONDERANCE OF THE EVIDENCE IN THIS CASE, YOU MAY, UNLESS OTHERWISE INSTRUCTED, CONSIDER THE TESTIMONY OF ALL WITNESSES, REGARDLESS OF WHO MAY HAVE CALLED THEM, AND ALL EXHIBITS RECEIVED IN EVIDENCE, REGARDLESS OF WHO MAY HAVE PRODUCED THEM.

IN DECIDING THIS CASE, YOU ARE EXPECTED TO USE YOUR GOOD SENSE. GIVE THE EVIDENCE AND THE TESTIMONY OF THE WITNESSES A REASONABLE AND FAIR INTERPRETATION IN LIGHT OF YOUR KNOWLEDGE OF THE NATURAL TENDENCIES OF HUMAN BEINGS.

IN WEIGHING THE TESTIMONY AND IN DETERMINING THE CREDIBILITY OR BELIEVABILITY OF ANY WITNESS, YOU MAY CONSIDER THE CONDUCT AND APPEARANCE OF THE WITNESS, ANY PERSONAL FEELINGS DEMONSTRATED BY THE TESTIMONY, ANY INTEREST SHOWN IN THE OUTCOME OF THE CASE, ANY PREJUDICE OR BIAS SHOWN, AND ANY PARTIALITY DEMONSTRATED.

YOU ARE NOT, OF COURSE, BOUND TO BELIEVE SOMETHING MERELY BECAUSE SOMEONE SWORE TO IT, BECAUSE WE ALL KNOW THAT A PERSON CAN SWEAR TO AN UNTRUTH IF ONE HAS THE WILL TO DO SO.

YOU MAY FIND INCONSISTENCIES IN THE TESTIMONY OF A WITNESS OR DISCREPANCIES BETWEEN THE TESTIMONY OF DIFFERENT WITNESSES. THESE SHOULD NOT NECESSARILY CAUSE YOU TO DISCREDIT THAT TESTIMONY. YOU SHOULD KEEP IN MIND THAT A SIMPLE MISTAKE BY A WITNESS DOES NOT NECESSARILY MEAN THAT THE WITNESS WAS NOT TELLING THE TRUTH AS HE OR SHE REMEMBERS IT, BECAUSE PEOPLE MAY FORGET SOME THINGS OR REMEMBER OTHER THINGS INACCURATELY. SO, IF A WITNESS HAS MADE A MISSTATEMENT, YOU NEED TO CONSIDER WHETHER THAT MISSTATEMENT WAS SIMPLY AN INNOCENT LAPSE OF MEMORY OR AN INTENTIONAL FALSEHOOD; THE SIGNIFICANCE OF THAT MAY DEPEND ON WHETHER IT HAS TO DO WITH AN IMPORTANT FACT OR WITH ONLY AN UNIMPORTANT DETAIL.

IF A WITNESS IS SHOWN KNOWINGLY TO HAVE TESTIFIED FALSELY CONCERNING ANY MATERIAL MATTER, YOU HAVE A RIGHT TO DISTRUST THAT

WITNESS' TESTIMONY IN OTHER PARTICULARS, AND YOU MAY REJECT ALL THE TESTIMONY OF THAT WITNESS OR GIVE IT SUCH CREDIBILITY AS YOU MAY THINK THAT IT DESERVES.

DURING THE COURSE OF TRIAL YOU HAVE HEARD OBJECTIONS TO EVIDENCE. IT IS THE DUTY OF THE ATTORNEY ON EACH SIDE OF A CASE TO OBJECT WHEN THE OTHER SIDE OFFERS TESTIMONY OR OTHER EVIDENCE WHICH THE ATTORNEY BELIEVES IS NOT PROPERLY ADMISSIBLE ACCORDING TO LAW. YOU SHOULD NOT DRAW ANY INFERENCE AGAINST OR SHOW ANY PREJUDICE AGAINST A LAWYER OR HIS CLIENT BECAUSE OF THE MAKING OF AN OBJECTION.

UPON ALLOWING TESTIMONY OR OTHER EVIDENCE TO BE INTRODUCED OVER THE OBJECTION OF AN ATTORNEY, THE COURT DOES NOT, UNLESS EXPRESSLY STATED, INDICATE ANY OPINION AS TO THE WEIGHT OR EFFECT OF SUCH EVIDENCE.

WHEN THE COURT HAS SUSTAINED AN OBJECTION TO A QUESTION ADDRESSED TO A WITNESS, THE JURY MUST DISREGARD THE QUESTION ENTIRELY, AND MAY DRAW NO INFERENCE FROM THE WORDING OF IT, OR SPECULATE AS TO WHAT THE WITNESS WOULD HAVE SAID IF PERMITTED TO ANSWER THE QUESTION.

DO NOT LET BIAS, PREJUDICE OR SYMPATHY PLAY ANY PART IN YOUR DELIBERATIONS. A CORPORATION AND ALL OTHER PERSONS ARE EQUAL

BEFORE THE LAW AND MUST BE TREATED AS EQUALS IN A COURT OF JUSTICE.

ANY EVIDENCE OR ANY SUSPICION ON YOUR PART THAT ANY PARTY TO THIS LAWSUIT MAY OR MAY NOT BE COVERED IN WHOLE OR IN PART BY INSURANCE IS NOT TO BE CONSIDERED BY YOU IN ANY RESPECT WHATSOEVER IN DETERMINING THE QUESTION OF LIABILITY IN THIS MATTER.

YOU MUST CONSIDER ONLY THE EVIDENCE IN THIS CASE. HOWEVER, YOU MAY DRAW SUCH REASONABLE INFERENCES FROM THE TESTIMONY AND EXHIBITS AS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF COMMON EXPERIENCE. YOU MAY MAKE DEDUCTIONS AND REACH CONCLUSIONS WHICH REASON AND COMMON SENSE LEAD YOU TO MAKE FROM THE TESTIMONY AND EVIDENCE.

THE TESTIMONY OF A SINGLE WITNESS MAY BE SUFFICIENT FOR THE PROOF OF ANY FACT, EVEN IF A GREATER NUMBER OF WITNESSES MAY HAVE TESTIFIED TO THE CONTRARY, IF AFTER CONSIDERING ALL THE OTHER EVIDENCE YOU BELIEVE THAT SINGLE WITNESS.

THERE ARE TWO TYPES OF EVIDENCE WHICH YOU MAY CONSIDER. ONE IS DIRECT EVIDENCE -- SUCH AS TESTIMONY OF AN EYEWITNESS. THE OTHER IS INDIRECT OR CIRCUMSTANTIAL EVIDENCE -- THE PROOF OF CIRCUMSTANCES WHICH TEND TO PROVE OR DISPROVE THE EXISTENCE OR NONEXISTENCE OF CERTAIN OTHER FACTS. THE LAW MAKES NO DISTINCTION BETWEEN DIRECT AND CIRCUMSTANTIAL EVIDENCE, BUT SIMPLY REQUIRES

THAT YOU FIND THE FACTS FROM A PREPONDERANCE OF ALL THE EVIDENCE, BOTH DIRECT AND CIRCUMSTANTIAL.

WHEN KNOWLEDGE OF TECHNICAL SUBJECT MATTER MAY BE HELPFUL TO THE JURY, A PERSON WHO HAS SPECIAL TRAINING OR EXPERIENCE IN THAT TECHNICAL FIELD -- CALLED AN EXPERT WITNESS -- IS PERMITTED TO STATE AN OPINION ON THOSE TECHNICAL MATTERS. HOWEVER, YOU ARE NOT REQUIRED TO ACCEPT THAT OPINION. AS WITH ANY OTHER WITNESS, IT IS UP TO YOU TO DECIDE WHETHER TO RELY UPON IT. YOU MAY REJECT SUCH TESTIMONY ENTIRELY IF, IN YOUR JUDGMENT, THE REASONS GIVEN FOR IT ARE UNSOUND.

CERTAIN TESTIMONY WAS PRESENTED TO YOU THROUGH A DEPOSITION. A DEPOSITION IS THE SWORN, RECORDED ANSWERS TO QUESTIONS ASKED OF A WITNESS IN ADVANCE OF THE TRIAL. UNDER SOME CIRCUMSTANCES, IF A WITNESS CANNOT BE PRESENT TO TESTIFY FROM THE WITNESS STAND, THAT WITNESS'S TESTIMONY MAY BE PRESENTED, UNDER OATH, IN THE FORM OF A DEPOSITION. INSOFAR AS POSSIBLE, DEPOSITION TESTIMONY IS ENTITLED TO THE SAME CONSIDERATION, TO BE JUDGED BY YOU AS TO CREDIBILITY AND WEIGHT, AS IF THE WITNESS HAD BEEN PRESENT AND HAD TESTIFIED FROM THE WITNESS STAND IN COURT.

PLAINTIFF CLAIMS THAT ON APRIL 20, 2001, HE WAS INJURED WHEN, WHILE PULLING SLIPS ON THE RIG FLOOR, HE WAS JERKED DOWNWARD BY THE

SLIPS WHEN THEY STUCK IN THE MASTER BUSHING AND THE MASTER BUSHING WAS RAISED OUT OF THE ROTARY TABLE.

PLAINTIFF ALLEGES THAT PARKER DRILLING WAS NEGLIGENT IN THAT THE DRILLER FAILED TO INSTRUCT THE FLOORHANDS TO LUBRICATE THE BOWL AND THE SLIPS IN A TIMELY MANNER. PLAINTIFF ALSO ALLEGES THAT THE VESSEL, THE PARKER RIG 25-J, WAS UNSEAWORTHY BECAUSE IT LACKED A PROPERLY TRAINED CREW AND PROPER EQUIPMENT. PLAINTIFF ALSO ALLEGES THAT HE WAS DISCHARGED BY THE DEFENDANT, PARKER DRILLING, IN RETALIATION BECAUSE HE FILED A CLAIM AGAINST IT. IN ADDITION, PLAINTIFF CONTENDS THAT AS A SEAMAN, HE WAS ENTITLED TO MAINTENANCE AND CURE BENEFITS AS HE WAS INJURED WHILE IN THE SERVICE OF THE VESSEL. HE CLAIMS THAT THE DEFENDANT UNREASONABLY FAILED TO PROVIDE MAINTENANCE AND CURE BENEFITS TO HIM WHICH CAUSED HIM INJURY.

DEFENDANT, PARKER DRILLING, DENIES THAT IT WAS NEGLIGENT IN ANY WAY OR THAT ITS VESSEL WAS UNSEAWORTHY IN ANY MANNER. IT SPECIFICALLY DENIES THAT PLAINTIFF SUFFERED ANY INJURY WHILE IN THE SERVICE OF THE VESSEL AND PARKER CONTENDS THAT PLAINTIFF HAS GIVEN INCONSISTENT VERSIONS OF HIS ALLEGED ACCIDENT. IT ALSO DENIES THAT IT DISCHARGED PLAINTIFF IN RETALIATION FOR HIS FILING A PERSONAL INJURY CLAIM AGAINST IT. IN ADDITION, PARKER DRILLING DENIES THAT

IT WAS UNREASONABLE IN FAILING TO PROVIDE MAINTENANCE AND CURE BENEFITS TO THE PLAINTIFF. PARKER DRILLING ALSO CONTENDS THAT PLAINTIFF WILLFULLY CONCEALED A HISTORY OF BACK PROBLEMS, WHICH IS A MATERIAL MEDICAL CONDITION, IN HIS PRE-EMPLOYMENT MEDICAL HISTORY, AND THAT HIS PRIOR BACK PROBLEMS WERE CAUSALLY LINKED TO THE INJURY HE CONTENDS HE SUFFERED WHILE IN THE SERVICE OF THE VESSEL.

IT IS FOR YOU, THE JURY, TO DETERMINE THE FACTS IN THIS CASE FROM THE EVIDENCE PRESENTED TO YOU.

PLAINTIFF BRINGS THE FOLLOWING CLAIMS AGAINST THE DEFENDANT:

1. UNDER THE JONES ACT, FOR NEGLIGENCE;
2. UNDER THE GENERAL MARITIME LAW, FOR UNSEAWORTHINESS OF A VESSEL.
3. UNDER THE GENERAL MARITIME LAW, FOR RETALIATORY DISCHARGE.
4. UNDER THE GENERAL MARITIME LAW, FOR MAINTENANCE AND CURE.

YOU MUST CONSIDER EACH OF THESE CLAIMS SEPARATELY. THE PLAINTIFF IS NOT REQUIRED TO PROVE ALL OF THESE CLAIMS. HE MAY RECOVER IF HE PROVES ANY ONE OF THEM. HOWEVER, HE MAY ONLY RECOVER THOSE DAMAGES OR BENEFITS THAT THE LAW PROVIDES FOR THE CLAIMS THAT HE PROVES AND HE MAY NOT RECOVER THE SAME DAMAGES OR BENEFITS MORE

THAN ONCE.

PLAINTIFF'S FIRST CLAIM IS AGAINST HIS EMPLOYER, PARKER DRILLING OFFSHORE CORPORATION, UNDER THE JONES ACT. UNDER THE JONES ACT, A SEAMAN PLAINTIFF MUST PROVE THAT HIS EMPLOYER WAS NEGLIGENT. NEGLIGENCE IS THE DOING OF AN ACT THAT A REASONABLY PRUDENT OR CAREFUL PERSON WOULD NOT DO, OR THE FAILURE TO DO SOMETHING THAT A REASONABLY CAREFUL PERSON WOULD DO, UNDER THE SAME OR SIMILAR CIRCUMSTANCES. IN OTHER WORDS, NEGLIGENCE IS THE FAILURE TO USE ORDINARY CARE UNDER THE CIRCUMSTANCES.

THE OCCURRENCE OF AN ACCIDENT, STANDING ALONE, DOES NOT MEAN ANYONE'S NEGLIGENCE CAUSED THE ACCIDENT.

IN THIS CASE, PLAINTIFF QUALIFIES AS A JONES ACT SEAMAN. IN A JONES ACT CLAIM, THE WORD "NEGLIGENCE" IS GIVEN A LIBERAL INTERPRETATION. IT INCLUDES ANY BREACH OF DUTY THAT AN EMPLOYER OWES TO HIS EMPLOYEES WHO ARE SEAMEN, INCLUDING THE DUTY OF PROVIDING FOR THE SAFETY OF THE CREW.

UNDER THE JONES ACT, IF THE EMPLOYER'S NEGLIGENT ACT CAUSED THE PLAINTIFF'S INJURY, IN WHOLE OR IN PART, THEN YOU MUST FIND THAT THE EMPLOYER IS LIABLE UNDER THE JONES ACT.

NEGLIGENCE UNDER THE JONES ACT MAY CONSIST OF A FAILURE TO COMPLY WITH A DUTY REQUIRED BY LAW. EMPLOYERS OF SEAMEN HAVE A DUTY TO PROVIDE THEIR EMPLOYEES WITH A REASONABLY SAFE PLACE TO

WORK. IF YOU FIND THAT THE PLAINTIFF WAS INJURED BECAUSE THE DEFENDANT FAILED TO FURNISH HIM WITH A REASONABLY SAFE PLACE TO WORK, AND THAT THE PLAINTIFF'S WORKING CONDITIONS COULD HAVE BEEN MADE SAFE THROUGH THE EXERCISE OF REASONABLE CARE, THEN YOU MUST FIND THAT THE DEFENDANT WAS NEGLIGENT.

THE FACT THAT THE DEFENDANT CONDUCTED ITS OPERATIONS IN A MANNER SIMILAR TO THAT OF OTHER COMPANIES IS NOT CONCLUSIVE AS TO WHETHER THE DEFENDANT WAS NEGLIGENT OR NOT.

YOU MUST DETERMINE IF THE OPERATION IN QUESTION WAS REASONABLY SAFE UNDER THE CIRCUMSTANCES. THE FACT THAT A CERTAIN PRACTICE HAS BEEN CONTINUED FOR A LONG PERIOD OF TIME DOES NOT NECESSARILY MEAN THAT IT IS REASONABLY SAFE UNDER ALL CIRCUMSTANCES. A LONG ACCEPTED PRACTICE MAY BE AN UNSAFE PRACTICE. HOWEVER, A PRACTICE IS NOT NECESSARILY UNSAFE OR UNREASONABLE MERELY BECAUSE IT INJURES SOMEONE.

A SEAMAN'S EMPLOYER IS LEGALLY RESPONSIBLE FOR THE NEGLIGENCE OF ONE OF HIS EMPLOYEES WHILE THAT EMPLOYEE IS ACTING WITHIN THE COURSE AND SCOPE OF HIS JOB.

IF YOU FIND FROM A PREPONDERANCE OF THE EVIDENCE THAT THE DEFENDANT ASSIGNED THE PLAINTIFF TO PERFORM A TASK THAT THE PLAINTIFF WAS NOT ADEQUATELY TRAINED TO PERFORM, YOU MUST FIND THAT THE DEFENDANT WAS NEGLIGENT.

BUT THE EMPLOYER IS NOT LIABLE MERELY BECAUSE A SEAMAN HAS BEEN INJURED. THE EMPLOYER IS LIABLE ONLY IF HE HAS BEEN NEGLIGENT. IF A SEAMAN IS INJURED AS A RESULT OF THE NORMAL HAZARDS OR RISKS OF THE BUSINESS IN WHICH HE IS ENGAGED, WITHOUT FAULT ON THE PART OF ANYONE ELSE, HE IS NOT ENTITLED TO RECOVER DAMAGES UNDER THE JONES ACT FROM HIS EMPLOYER. HOWEVER, AS I SHALL EXPLAIN TO YOU LATER, THE SEAMAN MAY BE ENTITLED TO MAINTENANCE AND CURE BENEFITS.

AS STATED, THE PLAINTIFF ALSO SEEKS DAMAGES FROM THE DEFENDANT, PARKER DRILLING, FOR INJURIES ALLEGEDLY RESULTING FROM THE UNSEAWORTHINESS OF ITS VESSEL, THE PARKER RIG 25-J.

UNDER THE GENERAL MARITIME LAW, A SHIPOWNER OWES TO EVERY MEMBER OF THE CREW EMPLOYED ON THE VESSEL, THE ABSOLUTE DUTY TO KEEP AND MAINTAIN THE SHIP, AND ALL DECKS AND PASSAGEWAYS, APPLIANCES, GEAR, TOOLS, PARTS AND EQUIPMENT OF THE VESSEL IN A SEAWORTHY CONDITION AT ALL TIMES.

A SEAWORTHY VESSEL IS ONE THAT IS REASONABLY FIT FOR ITS INTENDED USE. THE DUTY TO PROVIDE A SEAWORTHY VESSEL IS ABSOLUTE BECAUSE THE OWNER MAY NOT DELEGATE THAT DUTY TO ANYONE. LIABILITY FOR AN UNSEAWORTHY CONDITION DOES NOT IN ANY WAY DEPEND UPON NEGLIGENCE OR FAULT OR BLAME. IF AN OWNER DOES NOT PROVIDE A SEAWORTHY VESSEL, A VESSEL REASONABLY FIT FOR ITS INTENDED USE, NO

AMOUNT OF CARE OR PRUDENCE EXCUSES THE OWNER.

THE DUTY TO PROVIDE A SEAWORTHY VESSEL INCLUDES A DUTY TO SUPPLY AN ADEQUATE AND COMPETENT CREW. A VESSEL MAY BE UNSEAWORTHY EVEN THOUGH IT HAS A NUMERICALLY ADEQUATE CREW, IF TOO FEW PERSONS ARE ASSIGNED TO A GIVEN TASK.

HOWEVER, THE OWNER OF A VESSEL IS NOT REQUIRED TO FURNISH AN ACCIDENT FREE SHIP. THE OWNER NEED ONLY FURNISH A VESSEL AND (PARTS OF IT) ~~APPURTENANCES~~ THAT ARE REASONABLY FIT FOR THEIR INTENDED USE AND A CREW THAT IS REASONABLY ADEQUATE FOR ITS ASSIGNED TASKS.

THE SHIPOWNER IS NOT REQUIRED TO PROVIDE THE BEST APPLIANCES AND EQUIPMENT, OR THE FINEST OF CREWS, ON HIS VESSEL. HE IS ONLY REQUIRED TO PROVIDE GEAR THAT IS REASONABLY PROPER AND SUITABLE FOR ITS INTENDED USE, AND A CREW THAT IS REASONABLY ADEQUATE.

IN SUMMARY, IF YOU FIND THAT THE OWNER OF THE VESSEL DID NOT PROVIDE AN ADEQUATE CREW OF SUFFICIENT MANPOWER AND THE NECESSARY TOOLS AND EQUIPMENT TO PERFORM THE TASKS REQUIRED, OR IF YOU FIND THAT THE VESSEL WAS IN ANY MANNER UNFIT IN ACCORDANCE WITH THE LAW AS I HAVE JUST EXPLAINED TO YOU, AND THIS WAS A PROXIMATE CAUSE OF THE INJURY, A TERM I WILL EXPLAIN TO YOU, THEN YOU MAY FIND THAT THE VESSEL WAS UNSEAWORTHY AND THE SHIPOWNER LIABLE, WITHOUT CONSIDERING ANY NEGLIGENCE ON THE PART OF THE DEFENDANT OR ANY OF ITS EMPLOYEES.

HOWEVER, IF YOU FIND THAT THE OWNER HAD A CAPABLE CREW AND THAT THE APPLIANCES AND GEAR WERE SAFE AND SUITABLE FOR THEIR INTENDED USE, THEN THE VESSEL WAS NOT UNSEAWORTHY AND THE DEFENDANT VESSEL OWNER IS NOT LIABLE TO THE PLAINTIFF ON THE CLAIM OF UNSEAWORTHINESS.

NOW LET US CONSIDER THE MATTER OF "CAUSATION." NOT EVERY INJURY THAT FOLLOWS AN ACCIDENT NECESSARILY RESULTS FROM IT. THE ACCIDENT MUST BE CAUSE OF THE INJURY.

IN DETERMINING CAUSATION, A DIFFERENT RULE APPLIES TO THE JONES ACT CLAIM AND TO THE UNSEAWORTHINESS CLAIM.

UNDER THE JONES ACT, FOR BOTH THE EMPLOYER'S NEGLIGENCE AND THE PLAINTIFF'S CONTRIBUTORY NEGLIGENCE, AN INJURY OR DAMAGE IS CONSIDERED CAUSED BY AN ACT OR FAILURE TO ACT IF THE ACT OR OMISSION BROUGHT ABOUT OR ACTUALLY CAUSED THE INJURY OR DAMAGE, IN WHOLE OR IN PART.

IN AN UNSEAWORTHINESS CLAIM, THE PLAINTIFF MUST SHOW NOT MERELY THAT THE UNSEAWORTHY CONDITION WAS A CAUSE OF THE PLAINTIFF'S INJURY, BUT THAT SUCH CONDITION WAS A PROXIMATE CAUSE OF IT. THIS MEANS THAT THE PLAINTIFF MUST SHOW THAT THE UNSEAWORTHY CONDITION PLAYED A SUBSTANTIAL PART IN BRINGING ABOUT OR ACTUALLY CAUSING THE ACCIDENT, AND THAT THE INJURY WAS EITHER A DIRECT RESULT OR A REASONABLY PROBABLE CONSEQUENCE OF THE

UNSEAWORTHY CONDITION.

THE DEFENDANT HERE CONTENDS THAT THE PLAINTIFF WAS HIMSELF NEGLIGENT AND THAT THE PLAINTIFF'S NEGLIGENCE CAUSED OR CONTRIBUTED TO CAUSING HIS INJURY. THIS IS THE AFFIRMATIVE DEFENSE OF CONTRIBUTORY NEGLIGENCE. THE DEFENDANT HAS THE BURDEN OF PROVING BY A PREPONDERANCE OF THE EVIDENCE THAT THE PLAINTIFF WAS CONTRIBUTORILY NEGLIGENT. IF THE PLAINTIFF WAS GUILTY OF CONTRIBUTORY NEGLIGENCE THAT CONTRIBUTED TO HIS INJURY, HE MAY NEVERTHELESS RECOVER. HOWEVER, THE AMOUNT OF HIS RECOVERY WILL BE REDUCED BY THE EXTENT OF HIS CONTRIBUTORY NEGLIGENCE.

A SEAMAN IS OBLIGATED UNDER THE JONES ACT TO ACT WITH ORDINARY PRUDENCE UNDER THE CIRCUMSTANCES. THE CIRCUMSTANCES OF A SEAMAN'S EMPLOYMENT INCLUDE NOT ONLY ON HIS RELIANCE ON HIS EMPLOYER TO PROVIDE A SAFE WORK ENVIRONMENT, BUT ALSO HIS OWN EXPERIENCE, TRAINING AND EDUCATION. IN OTHER WORDS, UNDER THE JONES ACT A SEAMAN HAS THE DUTY TO EXERCISE THAT DEGREE OF SAFETY THAT A REASONABLE SEAMAN WOULD EXERCISE IN LIKE CIRCUMSTANCES.

A SEAMAN DOES NOT HAVE THE SAME CONTROL OVER HIS WORK CONDITIONS AS DOES A PERSON WHO WORKS ON LAND. A SEAMAN MUST, TO A CERTAIN DEGREE, ACCEPT CONDITIONS AS THEY ARE. A SEAMAN'S DUTY IS TO OBEY HIS SUPERIORS AND DO HIS WORK AS HE IS INSTRUCTED, ACTING REASONABLY FOR HIS OWN SAFETY. A SEAMAN IS NOT NEGLIGENT IF

HE FOLLOWS THE ORDERS OF HIS CAPTAIN, MATE OR OTHER SUPERIOR, EVEN IF THOSE ORDERS PUT HIM IN PERIL, OR REQUIRE HIM TO USE DEFECTIVE EQUIPMENT. A SEAMAN ALSO IS NOT NEGLIGENT IF HE FOLLOWS THE ORDERS OF A FELLOW CREW MEMBER, IF YOU FIND FROM A PREPONDERANCE OF THE EVIDENCE THAT PLAINTIFF WAS CORRECT IN ASSUMING THAT HE WAS SUBJECT TO THE ORDERS OF THAT FELLOW CREW MEMBER.

ON THE OTHER HAND, A SEAMAN IS CONTRIBUTORILY NEGLIGENT IF HE IS PROVIDED WITH A SAFE WAY TO DO THE WORK AND YET CHOOSES TO DO THE WORK IN A WAY THAT HE KNOWS OR SHOULD KNOW IS UNSAFE AND DANGEROUS.

IF YOU FIND THAT THE DEFENDANT WAS NEGLIGENT OR THAT THE VESSEL WAS UNSEAWORTHY, AND THAT THE DEFENDANT'S NEGLIGENCE WAS A CAUSE OR THE VESSEL'S UNSEAWORTHINESS WAS A PROXIMATE CAUSE OF THE PLAINTIFF'S INJURY, BUT YOU ALSO FIND THAT THE ACCIDENT WAS DUE PARTLY TO THE CONTRIBUTORY NEGLIGENCE OF THE PLAINTIFF, THEN YOU MUST DETERMINE THE PERCENTAGE THE PLAINTIFF'S CONTRIBUTORY NEGLIGENCE CONTRIBUTED TO THE ACCIDENT. YOU WILL PROVIDE THIS INFORMATION BY FILLING IN THE APPROPRIATE BLANKS IN THE SPECIAL INTERROGATORIES. DO NOT REDUCE THE AMOUNT OF DAMAGES YOU AWARD PLAINTIFF FOR HIS INJURIES BECAUSE OF HIS CONTRIBUTORY NEGLIGENCE. THE COURT WILL REDUCE THE DAMAGES THAT YOU AWARD, IF ANY, BY THE PERCENTAGE OF CONTRIBUTORY NEGLIGENCE YOU ASSIGN TO THE PLAINTIFF.

THE PLAINTIFF'S THIRD CLAIM IS FOR RETALIATORY DISCHARGE. UNDER THE GENERAL MARITIME LAW, A SEAMAN MAY SEEK DAMAGES FROM HIS FORMER EMPLOYER IF HE IS DISCHARGED IN RETALIATION FOR THE SEAMAN'S EXERCISE OF HIS LEGAL RIGHT TO FILE A PERSONAL INJURY ACTION.

IN THE ABSENCE OF A CONTRACT SPECIFYING A DEFINITE TERM OR VOYAGE DURING WHICH A SEAMAN WILL BE EMPLOYED, A SEAMAN'S EMPLOYMENT IS TERMINABLE AT WILL BY EITHER PARTY. GENERALLY, AN EMPLOYER MAY DISCHARGE HIS AT-WILL EMPLOYEE AT ANY TIME FOR ANY REASON OR EVEN FOR NO REASON. HOWEVER, A SEAMAN'S EMPLOYER MAY NOT DISCHARGE A SEAMAN IN ORDER TO RETALIATE AGAINST HIM FOR SEEKING TO RECOVER WHAT IS DUE HIM OR TO INTIMIDATE THE SEAMAN FROM SEEKING LEGAL REDRESS.

IN ORDER TO ESTABLISH HIS CLAIM FOR RETALIATORY DISCHARGE, THE SEAMAN MUST PROVE THAT THE EMPLOYER'S DECISION TO FIRE HIM WAS MOTIVATED IN SUBSTANTIAL PART BY THE KNOWLEDGE THAT THE SEAMAN EITHER INTENDS TO FILE, OR HAS ALREADY FILED, A PERSONAL INJURY ACTION AGAINST THE EMPLOYER. IF THE SEAMAN FAILS TO PROVE THAT THE PLAINTIFF'S INTENT TO FILE OR HIS FILING OF A PERSONAL INJURY ACTION WAS NOT A SUBSTANTIAL MOTIVATING FACTOR IN HIS DISCHARGE, THEN YOU MUST FIND FOR THE DEFENDANT ON THIS CLAIM.

YOU ARE INSTRUCTED THAT IF PLAINTIFF PREVAILS ON HIS CLAIM FOR RETALIATORY DISCHARGE, HIS DAMAGES ON THAT CLAIM WILL NOT BE

REDUCED FOR ANY CONTRIBUTORY NEGLIGENCE YOU MAY FIND.

THE PLAINTIFF'S FOURTH CLAIM IS THAT, AS A SEAMAN, HE IS ENTITLED TO RECOVER MAINTENANCE AND CURE. THIS CLAIM IS SEPARATE AND INDEPENDENT FROM BOTH THE JONES ACT AND THE UNSEAWORTHINESS CLAIMS OF THE PLAINTIFF. YOU MUST DECIDE THIS CLAIM SEPARATELY FROM YOUR DETERMINATION OF HIS JONES ACT AND UNSEAWORTHINESS CLAIMS.

MAINTENANCE AND CURE IS A SEAMAN'S REMEDY. MAINTENANCE AND CURE PROVIDES A SEAMAN, WHO IS DISABLED BY INJURY OR ILLNESS WHILE IN THE SERVICE OF THE SHIP, MEDICAL CARE AND TREATMENT, AND THE MEANS OF MAINTAINING HIMSELF, WHILE RECUPERATING.

A SEAMAN IS ENTITLED TO MAINTENANCE AND CURE EVEN THOUGH HE WAS NOT INJURED AS A RESULT OF ANY NEGLIGENCE ON THE PART OF HIS EMPLOYER OR ANY UNSEAWORTHY CONDITION OF THE VESSEL. TO RECOVER MAINTENANCE AND CURE, THE PLAINTIFF NEED ONLY SHOW THAT HE SUFFERED INJURY OR ILLNESS WHILE IN THE SERVICE OF THE VESSEL ON WHICH HE WAS EMPLOYED AS A SEAMAN, WITHOUT WILLFUL MISBEHAVIOR ON HIS PART. THE INJURY OR ILLNESS NEED NOT BE WORK RELATED; IT NEED ONLY OCCUR WHILE THE SEAMAN IS IN THE SERVICE OF THE SHIP. MAINTENANCE AND CURE MAY NOT BE REDUCED BECAUSE OF ANY NEGLIGENCE ON THE PART OF THE SEAMAN.

THE "CURE" TO WHICH A SEAMAN MAY BE ENTITLED INCLUDES THE COST

OF MEDICAL ATTENTION, INCLUDING THE SERVICES OF PHYSICIANS AND NURSES AS WELL AS THE COST OF HOSPITALIZATION, MEDICINES AND MEDICAL APPARATUS. HOWEVER, THE EMPLOYER DOES NOT HAVE A DUTY TO PROVIDE CURE FOR ANY PERIOD OF TIME DURING WHICH A SEAMAN IS HOSPITALIZED AT THE EMPLOYER'S EXPENSE.

MAINTENANCE IS THE COST OF FOOD AND LODGING, AND TRANSPORTATION TO AND FROM A MEDICAL FACILITY. A SEAMAN IS NOT ENTITLED TO MAINTENANCE FOR THAT PERIOD OF TIME THAT HE IS AN INPATIENT IN ANY HOSPITAL, BECAUSE THE CURE PROVIDED BY THE EMPLOYER THROUGH HOSPITALIZATION INCLUDES THE FOOD AND LODGING OF THE SEAMAN.

A SEAMAN IS ENTITLED TO RECEIVE MAINTENANCE AND CURE FROM THE DATE HE LEAVES THE VESSEL UNTIL HE REACHES THE POINT OF WHAT IS CALLED "MAXIMUM CURE." MAXIMUM CURE IS THE POINT AT WHICH NO FURTHER IMPROVEMENT IN THE SEAMAN'S MEDICAL CONDITION IS REASONABLY EXPECTED. THUS, IF IT APPEARS THAT A SEAMAN'S CONDITION IS INCURABLE, OR THAT THE TREATMENT WILL ONLY RELIEVE PAIN BUT WILL NOT IMPROVE A SEAMAN'S PHYSICAL CONDITION, HE HAS REACHED MAXIMUM CURE. THE OBLIGATION TO PROVIDE MAINTENANCE AND CURE USUALLY ENDS WHEN QUALIFIED MEDICAL OPINION IS TO THE EFFECT THAT MAXIMUM POSSIBLE CURE HAS BEEN ACCOMPLISHED.

IF YOU DECIDE THAT THE PLAINTIFF IS ENTITLED TO MAINTENANCE

AND CURE, YOU MUST DETERMINE WHEN THE SHIPOWNER'S OBLIGATION TO PAY MAINTENANCE BEGAN, AND WHEN IT ENDS. ONE FACTOR YOU MAY CONSIDER IN DETERMINING WHEN THE PERIOD ENDS IS THE DATE WHEN THE SEAMAN RESUMED HIS EMPLOYMENT, IF HE DID SO. HOWEVER, IF THE EVIDENCE SUPPORTS A FINDING THAT ECONOMIC NECESSITY FORCED THE SEAMAN TO RETURN TO WORK PRIOR TO REACHING MAXIMUM CURE, YOU MAY TAKE THAT FINDING INTO CONSIDERATION IN DETERMINING WHEN THE PERIOD FOR MAINTENANCE AND CURE ENDS.

WHILE YOU WILL BE ASKED TO DETERMINE THE REASONABLE VALUE, NOT EXCEEDING THE ACTUAL COST TO PLAINTIFF, OF CURE OF WHICH THE PLAINTIFF IS REASONABLY LIKELY TO REQUIRE IN THE FUTURE, YOU WILL ONLY BE ASKED TO DETERMINE WHAT DATE THE SHIPOWNER'S OBLIGATION TO PAY MAINTENANCE BEGAN AND WHAT DATE IT ENDED, IF PLAINTIFF HAS REACHED MAXIMUM CURE. IF YOU FIND PLAINTIFF IS ENTITLED TO MAINTENANCE AND HE HAS NOT REACHED MAXIMUM CURE, THE SHIPOWNER'S OBLIGATION TO PAY MAINTENANCE WILL CONTINUE UNTIL THE PLAINTIFF REACHES MAXIMUM CURE. YOU WILL NOT BE ASKED TO DETERMINE THE RATE OF MAINTENANCE BECAUSE THE PARTIES HAVE AGREED TO THE DOLLAR RATE OF MAINTENANCE.

IF YOU FIND THAT THE PLAINTIFF IS ENTITLED TO AN AWARD OF DAMAGES UNDER EITHER THE JONES ACT, THE UNSEAWORTHINESS, OR THE RETALIATORY DISCHARGE CLAIMS, AND IF YOU AWARD HIM EITHER LOST

WAGES OR FUTURE MEDICAL EXPENSES, THEN THE COURT WILL NOT AWARD HIM MAINTENANCE AND CURE FOR THE SAME PERIOD OF TIME. THAT IS BECAUSE THE PLAINTIFF MAY NOT RECOVER TWICE FOR THE SAME LOSS OF WAGES OR MEDICAL EXPENSES.

HOWEVER, THE PLAINTIFF MAY ALSO BE ENTITLED TO AN AWARD OF DAMAGES FOR FAILURE TO PAY MAINTENANCE AND CURE WHEN IT WAS DUE.

A SEAMAN'S EMPLOYER WHO HAS RECEIVED A CLAIM FOR MAINTENANCE AND CURE IS ENTITLED TO INVESTIGATE AND REQUIRE CORROBORATION OF THE CLAIM. HOWEVER, IF AFTER INVESTIGATING THE CLAIM, THE SEAMAN'S EMPLOYER UNREASONABLY REJECTS THE CLAIM FOR MAINTENANCE AND CURE, HE IS LIABLE FOR BOTH THE MAINTENANCE AND CURE PAYMENTS HE SHOULD HAVE MADE, AND ANY COMPENSATORY DAMAGES CAUSED BY HIS UNREASONABLE FAILURE TO PAY. COMPENSATORY DAMAGES MAY INCLUDE ANY AGGRAVATION OF THE PLAINTIFF'S CONDITION BECAUSE OF THE FAILURE TO PROVIDE MAINTENANCE AND CURE.

THUS, YOU MAY AWARD COMPENSATORY DAMAGES BECAUSE THE SEAMAN'S EMPLOYER FAILED TO PROVIDE MAINTENANCE AND CURE IF YOU FIND BY A PREPONDERANCE OF THE EVIDENCE THAT:

1. THE PLAINTIFF WAS ENTITLED TO MAINTENANCE AND CURE;

2. IT WAS NOT PROVIDED;

3. THE DEFENDANT ACTED UNREASONABLY IN FAILING TO PROVIDE MAINTENANCE AND CURE; AND



000043

4. THE FAILURE TO PROVIDE THE MAINTENANCE AND CURE RESULTED IN SOME INJURY TO THE PLAINTIFF.

A SEAMAN WILL BE DENIED MAINTENANCE AND CURE IF, IN APPLYING FOR EMPLOYMENT, A SEAMAN INTENTIONALLY MISREPRESENTS OR CONCEALS MATERIAL MEDICAL FACTS, THE DISCLOSURE OF WHICH IS PLAINLY DESIRED, AND THE MATERIAL MEDICAL INFORMATION IS CAUSALLY LINKED TO THE INJURY WHICH PLAINTIFF SUSTAINED WHILE IN THE SERVICE OF THE SHIP. THIS IS AN AFFIRMATIVE DEFENSE AND THE BURDEN OF PROOF WITH RESPECT TO IT IS ON THE DEFENDANT.

THE RULES WITH RESPECT TO THIS DEFENSE TO THE PLAINTIFF'S MAINTENANCE AND CURE CLAIM ARE AS FOLLOWS. WHERE THE SHIPOWNER REQUIRES A SEAMAN TO SUBMIT TO A PRE-HIRING MEDICAL EXAMINATION OR INTERVIEW AND THE SEAMAN INTENTIONALLY MISREPRESENTS OR CONCEALS MATERIAL MEDICAL FACTS, THE DISCLOSURE OF WHICH IS PLAINLY DESIRED, AND THE PRE-EXISTING INJURY IS CAUSALLY LINKED TO THE INJURY WHICH WAS INCURRED WHILE IN THE SERVICE OF THE SHIP, THEN HE IS NOT ENTITLED TO AN AWARD OF MAINTENANCE AND CURE.

IT IS UNDISPUTED IN THIS CASE THAT THE PLAINTIFF WAS REQUIRED TO SUBMIT TO A PRE-EMPLOYMENT MEDICAL EXAMINATION AND INTERVIEW. THEREFORE, IN ORDER TO PREVAIL ON THIS DEFENSE, YOU MUST FIND THAT THE DEFENDANT HAS ESTABLISHED THE FOLLOWING ELEMENTS BY A PREPONDERANCE OF THE EVIDENCE:

1) THE SEAMAN WAS REQUIRED TO SUBMIT TO A PRE-HIRING MEDICAL EXAMINATION OR INTERVIEW;

2) THE SEAMAN INTENTIONALLY MISREPRESENTED OR CONCEALED A MEDICAL FACT DURING THE PRE-EMPLOYMENT MEDICAL EXAMINATION AND INTERVIEW PROCESS. ANY MISREPRESENTATION OR CONCEALMENT MUST HAVE BEEN INTENTIONAL AND NOT BY MISTAKE OR ACCIDENT;

3) THE MEDICAL FACT THAT WAS MISREPRESENTED OR CONCEALED MUST HAVE BEEN MATERIAL. THIS MEANS THAT THE MEDICAL FACT MUST HAVE BEEN OF SUCH A NATURE THAT KNOWLEDGE OF THE ITEM WOULD AFFECT A PERSON'S DECISION-MAKING PROCESS;

4) THE MEDICAL CONDITION WHICH WAS NOT DISCLOSED MUST BE CAUSALLY LINKED TO THE INJURIES WHICH THE SEAMAN ALLEGEDLY INCURRED WHILE IN THE SERVICE OF THE VESSEL.

NOW THAT BRINGS US TO THE QUESTION OF POSSIBLE DAMAGES. THE FACT THAT I INSTRUCT YOU ON DAMAGES OR ON THE ELEMENTS OF DAMAGES, IN NO WAY IMPLIES THAT THERE IS OR IS NOT LIABILITY. IF YOU FIND NO LIABILITY, YOU DO NOT GET TO THE QUESTION OF DAMAGES.

IF YOU FIND THAT THERE IS LIABILITY, AND THAT PLAINTIFF HAS A RIGHT TO RECOVER IN ACCORDANCE WITH THE FACTS, WHICH YOU HAVE ASCERTAINED FROM THE EVIDENCE, AND THE LAW, AS GIVEN IN THESE INSTRUCTIONS, THEN YOU MUST GET TO THE QUESTION OF DAMAGES. YOU

WILL HAVE TO TRANSLATE THESE DAMAGES INTO DOLLARS AND CENTS.

IF YOU FIND THAT ANY DEFENDANT IS LIABLE, YOU MUST AWARD THE AMOUNT YOU FIND BY A PREPONDERANCE OF THE EVIDENCE AS FULL AND JUST COMPENSATION FOR ALL OF THE PLAINTIFF'S DAMAGES, NO MORE AND NO LESS. COMPENSATORY DAMAGES ARE NOT ALLOWED AS A PUNISHMENT AGAINST A PARTY. SUCH DAMAGES CANNOT BE BASED ON SPECULATION, FOR IT IS ONLY ACTUAL DAMAGES -- WHAT THE LAW CALLS COMPENSATORY DAMAGES -- THAT ARE RECOVERABLE. HOWEVER, COMPENSATORY DAMAGES ARE NOT RESTRICTED TO ACTUAL LOSS OF TIME OR MONEY: THEY INCLUDE BOTH THE MENTAL AND PHYSICAL ASPECTS OF INJURY, TANGIBLE AND INTANGIBLE. THEY ARE AN ATTEMPT TO MAKE THE PLAINTIFF WHOLE, OR TO RESTORE HIM TO THE POSITION HE WOULD HAVE BEEN IN IF THE ACCIDENT HAD NOT HAPPENED.

YOU SHOULD CONSIDER THE FOLLOWING ELEMENTS OF DAMAGES TO THE EXTENT THAT YOU FIND THAT THE PLAINTIFF HAS ESTABLISHED SUCH DAMAGES BY A PREPONDERANCE OF THE EVIDENCE:

WITH RESPECT TO PLAINTIFF'S JONES ACT NEGLIGENCE AND UNSEAWORTHINESS CLAIMS, PHYSICAL PAIN AND SUFFERING, INCLUDING PHYSICAL DISABILITY, IMPAIRMENT AND INCONVENIENCE, AND THE EFFECT OF PLAINTIFF'S INJURIES ON THE NORMAL PURSUITS AND PLEASURES OF LIFE; MENTAL ANGUISH AND ANXIETY, AND FEELINGS OF ECONOMIC INSECURITY CAUSED BY DISABILITY; PAST LOSS OF WAGES; IMPAIRMENT OF

EARNING CAPACITY OR ABILITY IN THE FUTURE, INCLUDING IMPAIRMENT IN THE NORMAL PROGRESS IN THE PLAINTIFF'S EARNING CAPACITY DUE TO HIS PHYSICAL CONDITION; AND THE REASONABLE VALUE, NOT EXCEEDING ACTUAL COST TO THE PLAINTIFF, OF MEDICAL CARE THAT YOU FIND FROM THE EVIDENCE WILL BE REASONABLY CERTAIN TO BE REQUIRED IN THE FUTURE AS A PROXIMATE RESULT OF THE INJURY IN QUESTION.

WITH RESPECT TO THE RETALIATORY DISCHARGE CLAIM, MENTAL ANGUISH SUFFERED AS A RESULT OF WRONGFUL DISCHARGE, THE EXPENSES OF FINDING NEW EMPLOYMENT, LOST EARNINGS WHILE THE SEAMAN SEEKS ANOTHER POSITION, AND LOST FUTURE EARNINGS IF THE SEAMAN'S NEW JOB PROVIDES LESS REMUNERATION THAN EARNED WHILE THE SEAMAN WAS EMPLOYED BY THE DEFENDANT.

I HAVE ALREADY INSTRUCTED YOU ON THE ELEMENTS OF MAINTENANCE AND CURE BENEFITS AND THE DAMAGES TO WHICH PLAINTIFF MAY BE ENTITLED IF YOU FIND THAT THE DEFENDANT WAS UNREASONABLE IN ITS FAILURE TO PROVIDE MAINTENANCE AND CURE BENEFITS.

SOME OF THESE DAMAGES, SUCH AS MENTAL OR PHYSICAL PAIN AND SUFFERING, ARE INTANGIBLE THINGS ABOUT WHICH NO EVIDENCE OF VALUE IS REQUIRED. IN AWARDING THESE DAMAGES, YOU ARE NOT DETERMINING VALUE, BUT YOU SHOULD AWARD AN AMOUNT THAT WILL FAIRLY COMPENSATE THE PLAINTIFF FOR HIS INJURIES.

YOU ARE NOT TO AWARD DAMAGES FOR ANY INJURY OR CONDITION FROM

WHICH PLAINTIFF MAY HAVE SUFFERED, OR MAY NOW BE SUFFERING, UNLESS IT HAS BEEN PROVED BY A PREPONDERANCE OF THE EVIDENCE IN THE CASE THAT SUCH INJURY OR CONDITION WAS CAUSED BY THE NEGLIGENCE OF THE DEFENDANT, THE UNSEAWORTHINESS OF THE VESSEL, THE RETALIATORY DISCHARGE, OR THE UNREASONABLE FAILURE TO PAY MAINTENANCE AND CURE.

YOU MAY AWARD DAMAGES FOR AGGRAVATION OF AN EXISTING PHYSICAL DEFECT, OR FOR ACTIVATION OF ANY SUCH LATENT CONDITION, RESULTING FROM PHYSICAL INJURY TO THE PLAINTIFF. IF YOU FIND THAT THERE WAS SUCH AN AGGRAVATION, YOU SHOULD DETERMINE, IF YOU CAN, WHAT PORTION OF THE PLAINTIFF'S CONDITION RESULTED FROM THE AGGRAVATION, AND MAKE ALLOWANCE IN YOUR VERDICT ONLY FOR THE AGGRAVATION.

ANY AWARD YOU MAKE IS NOT SUBJECT TO INCOME TAX; NEITHER THE STATE NOR THE FEDERAL GOVERNMENT WILL TAX IT. THEREFORE, YOU SHOULD DETERMINE THE AMOUNT THAT PLAINTIFF IS ENTITLED TO RECEIVE WITHOUT CONSIDERING THE EFFECT OF TAXES UPON IT.

IF YOU FIND THAT THE PLAINTIFF IS ENTITLED TO AN AWARD OF DAMAGES FOR LOSS OF FUTURE EARNINGS, THERE ARE TWO PARTICULAR FACTORS YOU MUST CONSIDER. FIRST, YOU SHOULD CONSIDER LOSS AFTER INCOME TAXES; THAT IS, YOU SHOULD DETERMINE THE ACTUAL OR NET INCOME THAT PLAINTIFF HAS LOST OR WILL LOSE, TAKING INTO CONSIDERATION THAT ANY PART OF FUTURE EARNINGS WOULD BE SUBJECT TO INCOME TAXES. YOU MUST AWARD THE PLAINTIFF ONLY HIS NET EARNINGS

AFTER TAX. THIS IS SO BECAUSE ANY AWARD YOU MAY MAKE HERE IS NOT SUBJECT TO INCOME TAX.

SECOND, AN AMOUNT TO COVER A FUTURE LOSS OF EARNINGS IS MORE VALUABLE TO THE PLAINTIFF IF HE RECEIVED THE AMOUNT TODAY THAN IF HE RECEIVED THE SAME AMOUNT IN THE FUTURE. THEREFORE, IF YOU DECIDE TO AWARD PLAINTIFF AN AMOUNT FOR LOST FUTURE EARNINGS, YOU MUST DISCOUNT IT TO PRESENT VALUE BY CONSIDERING WHAT RETURN WOULD BE REALIZED ON A RELATIVELY RISK FREE INVESTMENT.

YOU HAVE HEARD THE TESTIMONY OF EXPERTS PERTAINING TO THE EARNINGS AND FUTURE EARNING CAPACITY OF THE PLAINTIFF. I INSTRUCT YOU THAT THE TESTIMONY OF AN EXPERT, LIKE THAT OF ALL OTHER WITNESSES, IS TO BE WEIGHED BY YOU AS TRIERS OF FACT AND ASSIGNED THAT WEIGHT WHICH YOU DEEM PROPER IN THE CONTEXT OF THIS CASE. I INSTRUCT YOU THAT YOU ARE NOT TO ASSUME MERELY BECAUSE AN EXPERT HAS TESTIFIED THAT THE PLAINTIFF HAS SUFFERED AN ECONOMIC LOSS. THE BURDEN IS ON THE PLAINTIFF TO PROVE BY A PREPONDERANCE OF EVIDENCE THAT HE HAS SUFFERED DAMAGE AS A RESULT OF A LOSS OF FUTURE EARNING CAPACITY.

YOUR DUTY TO DISCOUNT TO PRESENT VALUE APPLIES ONLY TO LOSS OF FUTURE EARNINGS OR EARNING CAPACITY, AND NOT TO FUTURE PAIN AND SUFFERING OR FUTURE MENTAL ANGUISH, IF YOU DETERMINE TO AWARD THESE DAMAGES.

AN INJURED PARTY HAS A DUTY TO MINIMIZE HIS DAMAGES AS THE RESULT OF AN ACCIDENT OR INJURY BY USING REASONABLE DILIGENCE AND REASONABLE MEANS UNDER THE CIRCUMSTANCES IN ORDER TO PREVENT AGGRAVATION OF SUCH INJURY AND FUTURE LOSS TO HIMSELF OR HIS PROPERTY, INCLUDING THE DUTY TO SEEK EMPLOYMENT, IF AVAILABLE. THE CARE AND DILIGENCE REQUIRED OF THE PLAINTIFF IS THE SAME AS THAT WHICH WOULD BE USED BY A PERSON OF ORDINARY PRUDENCE UNDER LIKE CIRCUMSTANCES. THE PLAINTIFF NEED NOT MAKE AN EXTRAORDINARY EFFORT OR DO WHAT IS UNREASONABLE, IMPRACTICAL, OR PAINFUL IN HIS EFFORTS TO MINIMIZE THE DAMAGES. HOWEVER, THE PLAINTIFF'S EFFORTS TO MINIMIZE THEM, INCLUDING THE SEEKING OF EMPLOYMENT, MUST BE REASONABLE AND ACCORDING TO THE RULES OF COMMON SENSE, GOOD FAITH AND FAIR DEALING.

IN DECIDING THE QUESTION OF DAMAGES, YOU SHOULD ALSO CONSIDER THAT A SEAMAN IS NOT ENTITLED TO DOUBLE RECOVERY FOR ANY ELEMENT OF DAMAGES THAT IS COMPENSABLE BOTH UNDER HIS PERSONAL INJURY CLAIMS AND HIS RETALIATORY DISCHARGE CLAIM. FOR EXAMPLE, WAGES LOST BETWEEN THE TIME OF THE INJURY AND THE DATE THE SEAMAN UNDERTAKES NEW EMPLOYMENT THAT ARE RECOVERABLE BY THE SEAMAN ON HIS JONES ACT NEGLIGENCE OR UNSEAWORTHINESS CLAIMS MAY NOT ALSO BE RECOVERED ON HIS CLAIM FOR RETALIATORY DISCHARGE.

THE MERE FACT THAT I HAVE GIVEN YOU INSTRUCTIONS ON THE LAW OF

DAMAGES DOES NOT IN ANY WAY SUGGEST THAT I BELIEVE THAT ANY DAMAGES ARE DUE IN THIS CASE. WHETHER OR NOT ANY DAMAGES ARE DUE IS FOR YOU TO DECIDE.

IT IS YOUR DUTY, AS JURORS, TO CONSULT WITH ONE ANOTHER, AND TO DELIBERATE WITH A VIEW TO REACHING AN AGREEMENT, IF YOU CAN DO SO WITHOUT VIOLENCE TO INDIVIDUAL JUDGMENT. YOU MUST EACH DECIDE THE CASE FOR YOURSELF, BUT ONLY AFTER AN IMPARTIAL CONSIDERATION OF THE EVIDENCE IN THE CASE WITH YOUR FELLOW JURORS. IN THE COURSE OF YOUR DELIBERATIONS, DO NOT HESITATE TO RE-EXAMINE YOUR OWN VIEW, AND CHANGE YOUR OPINION, IF CONVINCED IT IS ERRONEOUS. BUT DO NOT SURRENDER YOUR HONEST CONVICTION AS TO THE WEIGHT OF THE EVIDENCE OR THE EFFECT OF THE EVIDENCE, SOLELY BECAUSE OF THE OPINION OF YOUR FELLOW JURORS, OR FOR THE MERE PURPOSE OF RETURNING A VERDICT.

REMEMBER AT ALL TIMES THAT YOU ARE NOT PARTISANS. YOU ARE JUDGES -- JUDGES OF THE FACTS. YOUR SOLE INTEREST IS TO SEEK THE TRUTH FROM THE EVIDENCE IN THE CASE.

UPON RETIRING TO THE JURY ROOM, YOU WILL SELECT ONE OF YOUR NUMBER AS YOUR FOREPERSON. THE FOREPERSON WILL PRESIDE OVER YOUR DELIBERATION, AND WILL BE YOUR SPOKESPERSON HERE IN COURT. A SPECIAL VERDICT FORM HAS BEEN PREPARED FOR YOUR CONVENIENCE. YOU WILL TAKE THIS FORM TO THE JURY ROOM.

YOU WILL NOTE THAT THE FORM CONTAINS SEVERAL INTERROGATORIES

OR QUESTIONS. THE ANSWER TO EACH QUESTION MUST BE THE UNANIMOUS ANSWER OF THE JURY. IN THE SPACE PROVIDED BELOW EACH QUESTION YOU WILL FIND DIRECTIONS WHICH INSTRUCT YOU EITHER TO ANSWER THE NEXT QUESTION, TO ANSWER SOME OTHER QUESTION, OR TO STOP AND RETURN TO THE COURTROOM WITH YOUR VERDICT. YOU MUST CAREFULLY FOLLOW THESE DIRECTIONS AS YOU COMPLETE THE FORM.

AT THE CONCLUSION OF YOUR DELIBERATIONS, THE FOREPERSON SHOULD DATE AND SIGN THE SPECIAL VERDICT FORM.

IF IT BECOMES NECESSARY DURING YOUR DELIBERATIONS TO COMMUNICATE WITH THE COURT, YOU MAY SEND A NOTE TO THE MARSHAL, SIGNED BY THE FOREPERSON, OR BY ONE OR MORE MEMBERS OF THE JURY. NO MEMBER OF THE JURY SHOULD EVER ATTEMPT TO COMMUNICATE WITH THE COURT BY ANY MEANS OTHER THAN A SIGNED WRITING, AND THE COURT WILL NEVER COMMUNICATE WITH ANY MEMBER OF THE JURY ON ANY SUBJECT TOUCHING ON THE MERITS OF THE CASE OTHER THAN IN WRITING, OR ORALLY HERE IN OPEN COURT.

BEAR IN MIND THAT YOU ARE NEVER TO REVEAL TO ANY PERSON -- NOT EVEN TO THE COURT -- HOW THE JURY STANDS, NUMERICALLY OR OTHERWISE, ON THE QUESTIONS BEFORE YOU, UNTIL AFTER YOU HAVE REACHED A UNANIMOUS VERDICT.